IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS E. BOSWELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  26-2903 |
| | : | |
| HON. GREGORY O. YORGEY-GIRDY, | : | |
| *et al.,* | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

**MURPHY, J.**                                                                                        **July 13, 2026**

Curtis Boswell filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging that a

Philadelphia Municipal Court judge and court employees violated his constitutional rights in

connection with eviction proceedings.  Mr. Boswell also seeks leave to proceed *in forma*

*pauperis*.  For the following reasons, the court will grant Mr. Boswell leave to proceed *in forma*

*pauperis* and dismiss his complaint.

## I.     FACTUAL ALLEGATIONS[1]

Mr. Boswell filed this "Complaint for Declaratory and Injunctive Relief" against

(1) Philadelphia Municipal Court Judge Gregory Yorgey-Girdy, (2) the "Defendant

Clerk/Supervising Clerk" who is "responsible for docketing, scheduling, and record

maintenance," and (3) "John/Jane Doe Defendants," who are "court personnel responsible for

administrative handling of proceedings."  DI 2 at 1-2.  Mr. Boswell asserts constitutional claims

against defendants, alleging that they caused "procedural deficiencies" in connection with

---

[1] The factual allegations set forth in this memorandum are taken from Mr. Boswell's
complaint.  DI 2.  The court adopts the sequential pagination assigned to the complaint by the
CM/ECF docketing system.

eviction proceedings filed against him in the Philadelphia Municipal Court. *Id*.[2]  A default

judgment for possession was entered against Mr. Boswell on December 10, 2024, but the

judgment was later vacated on May 22, 2025, with a notation that it was "withdrawn for lack of

jurisdiction." *Id*. at 2.  The eviction matter was subsequently relisted. *Id*.  Mr. Boswell alleges

that despite the withdrawal of the matter for alleged jurisdictional reasons and despite his notice

to the municipal court of related federal proceedings,[3] the case was relisted without "clear

explanation or new jurisdictional basis." *Id*.  In March 2026, a default judgment was entered

against him in this "subsequent" proceeding.[4] *Id.* at 2-3.  Mr. Boswell was unable to appear "due

to hazardous work conditions requiring his continued presence at a job site." *Id*. at 3.

Mr. Boswell vaguely alleges that the subsequent eviction proceeding went forward

without a "clear jurisdictional determination," "consistent docket treatment," or "reliable notice

and procedural clarity." *Id*.  He further alleges that the "administrative handling of docket

---

[2] Mr. Boswell attaches to his complaint various pleadings from two municipal court proceedings, *Ngo, et al. v. Boswell*, No. LT-25-11-07-3807 (M.C. Phila.), and *Hui, et al., v. Boswell*, No. LT-24-11-15-4793 (M.C. Phila.), and one court of common pleas proceeding, *Ngo v. Boswell*, No. 24-05-00991 (C.P. Phila.).  DI 2 at 6-40.

[3] Mr. Boswell filed two federal court complaints in September of 2025.  In *NGO v. Boswell*, No. 25-5469 (E.D. Pa.), Mr. Boswell sought to remove to our court an ejectment action filed against him in the Court of Common Pleas of Philadelphia County, *NGO v. Limpios Construction, LLC, et al.*, No. CV-240500991 (Phila. C.C.P.)  On October 22, 2025, we entered an order remanding the matter back to the Philadelphia Court of Common Pleas, *see id*. at DI 5, and on June 17, 2026, the Third Circuit Court of Appeals affirmed the court's remand order, *see NGO v. Boswell*, No. 25-3271 (3d Cir.).  In *Boswell v. Court of Common Pleas Civil Division*, No. 25-5613, Mr. Boswell filed a complaint against Court of Common Pleas judges and unnamed court administration staff. *Id*. at DI 2.  After the court dismissed the complaint, Mr. Boswell filed an amended complaint, which is pending. *Id*. at DI 21, 22.

[4] The state court dockets and Mr. Boswell's attachments confirm these timelines.  In *Hui v. Boswell*, No. LT-24-11-15-4793, a default was entered on December 19, 2025, after Mr. Boswell failed to appear at a hearing.  DI 2 at 34.  The default was later vacated on May 22, 2025 by Judge Yorgey-Girdy, and the case was withdrawn for "lack of jurisdiction." *Id*. at 31-32.  In *NGO v. Boswell*, No. LT-25-11-07-3807, a default was entered on March 20, 2026. *Id*. at 23, 39-40.

entries, scheduling, and relisting created confusion and prevented meaningful participation." *Id*. Based on these allegations, Mr. Boswell asserts Fourteenth Amendment claims for due process and the "improper or excessive use of jurisdictional authority" and a First Amendment claim for the denial of access to the courts. *Id*. at 3-4. For relief, he asks for the "preservation of all relevant records," a declaration that defendants violated his constitutional rights, an order requiring "constitutionally adequate docket handling and notice procedures," and "prospective injunctive relief ensuring consistent jurisdictional determinations." *Id*. at 5.

## II.    STANDARD OF REVIEW

Because it appears that Mr. Boswell is incapable of paying the fees to commence this civil action, the court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Boswell is proceeding *pro se*, the court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Mr. Boswell asserts constitutional claims in connection with defendants' handling of eviction proceedings filed against him in the Philadelphia Municipal Court.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even liberally construing Mr. Boswell's allegations, he has not alleged a plausible basis for a claim against any of the named defendants.

### A.   Claims against Judge Yorgey-Girdy

Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Likewise, "grave procedural errors," "conducting a proceeding in an informal and *ex parte* manner," or acting "unfair[ly] or controversial[ly]" will not defeat absolute judicial immunity. *Gallas*, 211 F.3d at 769 (citations and internal quotation marks omitted).  This immunity extends

4

to claims for prospective injunctive relief in cases where "a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (*per curiam*) (quoting 42 U.S.C. § 1983)).

Mr. Boswell alleges that Judge Yorgey-Girdy permitted an eviction matter to proceed against him despite the prior eviction matter involving the same parties and property being "withdrawn or dismissed for lack of jurisdiction." DI 2 at 4. The exhibits attached to Mr. Boswell's complaint include orders entered by Judge Yorgey-Girdy in connection with the eviction matters. *See id*. at 10, 28, 31-33. Mr. Boswell does not allege how jurisdiction was lacking over either eviction proceeding. Regardless, it is apparent from the allegations and the exhibits attached thereto that Judge Yorgey-Girdy was acting within his judicial capacity by presiding over and entering orders in the Municipal Court eviction matters. *See O'Callaghan v. Honorable X*, 745 F. App'x 200, 202 (3d Cir. 2018) ("The actions the judges took in managing his state-court lawsuit and their rulings during those proceedings are plainly judicial acts because they involved resolving case-related disputes, including discovery issues, and O'Callaghan has set forth no facts showing Defendant Judges acted in clear absence of jurisdiction."). "Because [Boswell] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by [Boswell] does not address the actions of Judge [Yorgey-Girdy] other than in his judicial capacity, his claim for injunctive relief is barred." *Azubuko*, 443 F.3d at 304. Accordingly, all claims against Judge Yorgey-Girdy will be dismissed.

### B.    Claims against Philadelphia Municipal Court Personnel

Mr. Boswell also names defendants the Philadelphia Municipal Court "Clerk/Supervising Clerk" as well as unnamed John and Jane Doe court employees who were responsible for the

"administrative handling of proceedings," such as "docket, scheduling, and record maintenance." DI 2 at 1. However, court personnel, such as court and clerk's office employees, enjoy quasi-judicial immunity when performing tasks like these that are an integral part of the judicial process. *See Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) ("Quasi-judicial immunity attaches to public officials whose roles are functionally comparable to that of a judge." (internal quotation marks omitted)); *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772 (3d Cir. 2000) (affording Deputy Court Administrator quasi-judicial immunity); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"). This immunity also extends to claims for prospective injunctive relief. *See Jarvis v. D'Andrea*, No. 14-1492, 2014 WL 4251605, at *9 (M.D. Pa. Aug. 27, 2014) (concluding that clerk of court is entitled to absolute immunity for claims for injunctive relief), *aff'd*, 599 F. App'x 35 (3d Cir. 2015) (*per curiam*).

Mr. Boswell alleges that the unnamed defendants failed to maintain consistent and reliable docket procedures and caused the eviction action to be relisted despite the prior action being withdrawn for alleged "lack of jurisdiction determinations." DI 2 at 1-3. Actions related to maintaining the docket is covered by the quasi-judicial immunity afforded to court employees. *See Jarvis*, 2014 WL 4251605, at *9 (holding that immunity applied to claims related to "the Court's power to control its docket"); *Bombadil v. Laden*, No. 20-5737, 2021 WL 181434, at *5 (E.D. Pa. Jan. 19, 2021) (dismissing as barred by quasi-judicial immunity a plaintiff's claim

6

against court administrative staff for refusing to docket filings consistent with an injunction order). Accordingly, all claims against "Clerk/Supervising Clerk of Philadelphia Municipal Court" and "John/Jane Doe Court Administration and Docketing Personnel" are barred by immunity and must also be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Mr. Boswell leave to proceed *in forma pauperis* and dismiss his complaint without prejudice. Mr. Boswell shall have fourteen days to amend his complaint, if he is able and should choose to do so, in a manner that complies with the applicable laws.